<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PATRICK AMATO,

        Plaintiff,

  v.

WAYNE SMITH, RICHARD KLEMENTOVICH, AUDREY COOLEY, CLIFTON CITY, AND PATERSON CITY,

        Defendants.

Civil Action No. 06-3161(SDW)

**OPINION**

March 4, 2008

**WIGENTON, District Judge**

    This matter comes before the Court on several Motions and an Appeal. Defendants Wayne Smith and Richard Klementovich filed Motions to Dismiss the Complaint.[1] Defendants Audrey Cooley and Paterson City filed a Motion to Dismiss and for Summary Judgment.[2] Defendant Clifton City filed a Motion for Summary Judgment.[3] Plaintiff Patrick Amato filed a Motion for Summary Judgment.[4] Plaintiff Patrick Amato filed an Appeal of a July 27, 2007 Letter Order Dismissing Motions to Compel Discovery.[5] Defendant Judge Ronald Marmo filed a Motion to Dismiss the

---

[1] These Motions correspond to docket entries 33 and 39, respectively.

[2] This Motion corresponds to docket entry 41.

[3] This Motion corresponds to docket entry 56.

[4] This Motion corresponds to docket entry 72.

[5] It appears that this Appeal was not docketed. The Appeal will be docketed with this Opinion.

Amended Complaint.[6]  Defendant Louis Spagnola filed a Motion for Summary Judgment.[7]

The Motions to Dismiss are converted to Motions for Summary Judgment.  The Motions for Summary Judgment and the Appeal are decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the Motions for Summary Judgment are granted in part and denied in part, and the Appeal is denied.

## I. Factual Background

On December 26, 2003, Paterson police officers arrested Plaintiff Patrick Amato ("Plaintiff") (Frega Certif., Ex. B.) following a vehicular pursuit that included Clifton police officers (Compl. ¶ 4(d)).

On April 13, 2004, a grand jury indicted Plaintiff on fourteen counts: three counts of aggravated assault in the second degree, seven counts of aggravated assault in the third degree, eluding in the second degree, resisting arrest in the third degree, unlawful possession of a weapon in the third degree and receiving stolen property in the third degree.  (Afanador Certif. Supp. Mot. Dismiss & Summ. J., Exs. B, C.)

Before trial, between January and July 2005, three of the seven counts of aggravated assault in the third degree and the unlawful possession of a weapon in the third degree were dismissed.[8] (Afanador Certif. Supp. Mot. Dismiss & Summ. J., Ex. C.; Afanador Certif. Further Supp. Mot. Dismiss & Summ. J., Ex. C at 12; Am. Compl. 4; Marmo Br. Supp. Mot. Dismiss 4.)  On July 21,

---

[6] This Motion corresponds to docket entry 84.

[7] This Motion corresponds to docket entry 106.

[8] The date charges were dismissed against Plaintiff is not clear.  The parties must provide said date in the briefs they submit in support of their subsequent dispositive motions.

2005, a jury found Plaintiff guilty of two counts of aggravated assault in the second degree, eluding in the second degree, resisting arrest in the third degree and receiving stolen property in the third degree.[9] (Afanador Certif. Supp. Mot. Dismiss & Summ. J., Ex. C.) The jury found Plaintiff not guilty of one of the three counts of aggravated assault in the second degree and of all four remaining counts of aggravated assault in the third degree. (Afanador Certif. Supp. Mot. Dismiss & Summ. J., Ex. C.) On October 6, 2005, the Court sentenced Plaintiff to eleven years in prison. (Afanador Certif. Supp. Mot. Dismiss & Summ. J., Ex. C.)

On July 13, 2006, Plaintiff filed a Complaint (the "Complaint") alleging that Defendants Paterson Police Officer Wayne Smith ("Smith"), Clifton Police Officer Richard Klementovich ("Klementovich"), Paterson Police Officer Audrey Cooley ("Cooley"), Clifton City and Paterson City (collectively, "Original Defendants") violated his rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution and New Jersey law. Plaintiff sues Smith, Klementovich and Cooley in their individual and official capacities. Plaintiff asserts violations pursuant to 42 U.S.C. § 1983 for false arrest, illegal search and seizure, excessive force and malicious prosecution. (*See* Compl.) Further, Plaintiff asserts violations of New Jersey law for perjury before a state grand jury, official misconduct, falsifying police reports, conspiracy, Paterson's and Clifton's failure to adequately train and supervise their officers, and Paterson's and Clifton's custom of encouraging police officers to assault suspects. (*See* Compl.) Plaintiff signed the Complaint on July 3, 2006. (Compl. 21.)

---

[9] Plaintiff raises the issue of a May 22, 2006 Amended Judgment of Conviction (Pl.'s Opp. Def. Joint Mot. Dismiss) that includes charges different from those in the October 7, 2005 Judgment of Conviction (Afanador Certif. Supp. Mot. Dismiss & Summ. J., Ex. C). The parties must explain this discrepancy in the briefs they submit in support of their subsequent dispositive motions.

By May 22, 2007 Letter Order, Judge Madeline Cox Arleo, U.S.M.J. permitted the parties to file statute of limitations motions.

With permission of the Court, on July 24, 2007, Plaintiff filed an Amended Complaint (the "Amended Complaint") asserting additional claims against Original Defendants and New Defendants Clifton Police Officer Krulikowsky; Clifton Police Officer Vincent LaRosa, Paterson Police Officer Spagnola; Paterson Police Officer DeAngelis; Paterson Police Officer E. Rodriguez; Paterson Police Officer J. Navaro; Paterson Police Officer M. McDonald; New Jersey State Police Trooper M. Hanselman; New Jersey State Police Trooper C. Muscianesi; New Jersey State Police Trooper PB. O'Connor; New Jersey State Police Trooper D. Lysek; Joanne Kaminski, Esq.; Robert Pringle, Esq.; James Avigliano, Esq.; and Judge Ronald Marmo, J.S.C. (collectively, "New Defendants"). (Am. Compl. 1-4.) Plaintiff sues New Defendants in their individual and official capacities. (Am. Compl. 1-4.) The federal claims made by Plaintiff in the Amended Complaint are false arrest, illegal search and seizure, excessive force, malicious prosecution, perjury, conspiracy, excessive use of force by all officers involved in Plaintiff's arrest, vehicular excessive use of force, fraudulent concealment of evidence, denial of due process, malicious restitution, failure to intercede in wrongs, and abuse of process under 42 U.S.C. § 1983; RICO under 18 U.S.C. §§ 1961-1968; and RICO conspiracy under 18 U.S.C. § 1962. (Am. Compl. 4-5.) Plaintiff's New Jersey law claims in the Amended Complaint are perjury before a state grand jury; official misconduct; falsifying police reports; conspiracy; malicious prosecution; malicious restitution; perjury before a state tribunal; negligent hiring, training, and/or supervision; assault and battery; concealing evidence; witness tampering; and abuse of process. (Am. Compl. 5.)

By July 27, 2007 Letter Order, Judge Arleo stayed discovery pending a decision on the statute

of limitations motions. By August 3, 2007 letter, Plaintiff appeals the July 27, 2007 Letter Order. By September 5, 2007 Application, Plaintiff requests that this Court reopen discovery. By December 19, 2007 Letter Order, Judge Arleo reiterated that discovery is stayed until the statute of limitations motions are decided. She also states that she will enter a scheduling order for claims that survive that statute of limitations motions.

## II. Jurisdiction/Venue

The Court has jurisdiction over the 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## III. Summary Judgment

When, on a Federal Rule of Civil Procedure 12(c) motion to dismiss, matters outside the pleadings are considered by a court, the motion must be converted to one for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the non-movant

who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The need of the non-movant to conduct further discovery does not preclude summary judgment unless the non-movant demonstrates how the additional discovery would preclude summary judgment. *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991).

Here, the material facts regarding the statute of limitations are undisputed.

## IV. Section 1983

Section 1983 of Title 42 of the United States Code "creates a species of tort liability"[10] and subjects to liability:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983. To establish a viable § 1983 claim, a plaintiff must demonstrate that "the conduct complained of was committed by a person acting under color of state law" and that "this conduct deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (quoting *Parratt v. Taylor*, 451

---

[10] *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986)).

U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

To establish that a defendant acted under color of state law, a plaintiff must demonstrate that the defendant "exercised power 'possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law.'" *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir. 1994) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). A defendant is "a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

To establish that a defendant violated a right secured by the Constitution or laws of the United States, a plaintiff must demonstrate that the defendant deprived it of such right as charged in the complaint. *Salerno v. O'Rourke*, 555 F. Supp. 750, 757 (D.N.J. 1983). A plaintiff must "identify the exact contours of the underlying right said to have been violated." *Downey v. The Coalition Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

The Fourth Amendment to the U.S. Constitution provides, in pertinent part, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . . but upon probable cause . . . ." U.S. Const. amend. IV. The Fourteenth Amendment

to the U.S. Constitution provides, in pertinent part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV.

Federal courts look to state law to determine the statute of limitations for a § 1983 claim. *Wallace*, 127 S. Ct. at 1094 (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). Section 1983 claims are best characterized as personal injury claims and governed by the applicable state's statute of limitations for personal injury claims. *Id*. New Jersey provides for a two year statute of limitations for personal injury torts. N.J. Stat. Ann. § 2A:14-2. Thus, in New Jersey, § 1983 claims are subject to a two year statute of limitations.

New Jersey Statutes set forth bases for tolling of statute of limitations. *See, e.g.*, N.J. Stat. Ann. § 2A:14-21 (2007) (tolling because of minority or insanity); N.J. Stat. Ann. 2A:14-22 (2007) (tolling because of nonresidency of persons liable). Under New Jersey common law, statute of limitations may be tolled for equitable reasons. *Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div. 2002) (citing *Dunn v. Borough of Mountainside*, 301 N.J. Super. 262, 280 (App. Div. 1997) (tolling because claimant induced or tricked by adversary into allowing filing deadline to pass); *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (tolling because in some extraordinary way, claimant was prevented from asserting its rights, or tolling because claimant timely asserted its rights in a defective pleading or wrong forum) (internal citations omitted)). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the

interests of justice." *Freeman*, 347 N.J. Super. at 31 (citing *Midgley*, 142 F.3d at 179).

When state tolling rules conflict with federal law or policy, federal courts can apply federal equitable tolling of the statute of limitations. *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000) (citing *Heck v. Humphrey*, 997 F.2d 355, 358 (7th Cir. 1993)). Under federal law, equitable tolling is appropriate:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

*Lake*, 232 F.3d at 370 n.9 (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

The accrual of a § 1983 claim is a question of federal law, which provides that "[accrual occurs] when the plaintiff has 'a complete and present cause of action, . . . that is when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 127 S. Ct. at 1095 (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The Court of Appeals for the Third Circuit has held that "[a] claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury . . . not upon awareness that this injury constitutes a legal wrong." *Oshiver*, 38 F.3d at 1386 (citing *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988)). The statute of limitations for a § 1983 claim begins to run "when the wrongful act or omission results in damages . . . even though the full extent of the injury is not then known or predictable." *Wallace*, 127 S. Ct. at 1097 (quoting 1 Calvin W. Corman, *Limitation of Actions* § 7.4.1, at 526-27 (1991) (footnotes omitted)).

### A. False Arrest, Illegal Search and Seizure, and Excessive Force

Here, the § 1983 claims for false arrest, illegal search and seizure, and excessive force are dismissed with prejudice because they are time-barred. These claims accrued on December 26, 2003, the date of Plaintiff's arrest. According to Plaintiff, on December 26, 2003, he was illegally arrested, searched, seized and beaten. (Compl. 4; Am. Compl. 7.) The December 26, 2003 accrual date is not delayed even if Plaintiff was unconscious for several minutes during his arrest. (Am. Compl. 7.) Plaintiff knew or should have known of these claims on December 26, 2003 despite the short time lapse.

Because the acts underlying the false arrest, illegal search and seizure, and excessive force claims occurred in their entirety on December 26, 2003, the statute of limitations began on that date. As such, these claims were time-barred on December 26, 2005, long before Plaintiff filed the Complaint on July 13, 2006 or signed the Complaint on July 7, 2006. Plaintiff provides no basis for tolling the statute of limitations for these claims, thus they are dismissed with prejudice.

### B. Malicious Prosecution

To establish malicious prosecution under § 1983, a plaintiff must demonstrate that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). The first four elements comprise malicious prosecution under New Jersey common law. *Epperson v. Wal-Mart Stores, Inc.*, 373 N.J. Super. 522, 530 (App.

10

Div. 2004) (citing *Myrick v. Resorts Int'l Casino & Hotel*, 319 N.J. Super. 556, 563 (App. Div. 1999)). Failure to prove any one of these elements is a basis to deny a malicious prosecution claim. *DiBella*, 407 F.3d at 601; *Epperson*, 373 N.J. Super. at 530. As stated above, the statute of limitations for a § 1983 malicious prosecution claim is two years. The statute of limitations for malicious prosecution under New Jersey law is six years. *Earl v. Winne*, 14 N.J. 119, 131-32 (1953) (citing *Cabakov v. Thatcher*, 27 N.J. Super. 404, 408 (App. Div. 1953)).

Here, the malicious prosecution claims under § 1983 and New Jersey law are not time-barred and not dismissed. Plaintiff bases his malicious prosecution claims on the dismissal—before trial—of three counts of aggravated assault in the third degree and the unlawful possession of a weapon in the third degree. Because these charges were dismissed between January and July, 2005, the Complaint, signed on July 7, 2006 and filed on July 13, 2006, is within the statute of limitations under § 1983 and New Jersey law.[11] Thus, the malicious prosecution claims are not dismissed.

## V. Appeal of July 27, 2007 Letter Order

Plaintiff's Appeal of Judge Arleo's July 27, 2007 Letter Order is denied as moot. As Judge Arleo stated in the July 27, 2007 Letter Order and reiterated in the December 19, 2007 Letter Order, discovery is stayed until the statute of limitations motions are decided. Now that we have decided said motions, Judge Arleo will enter a scheduling order for remaining claims.

---

[11] Although this Court doubts that Plaintiff satisfies the favorable termination element of malicious prosecution, this Opinion is limited to dismissal based on statute of limitations.

11

## VI. Conclusion

For the reasons stated above, the claims for false arrest, illegal search and seizure, and excessive force are dismissed with prejudice. All other claims survive summary judgment.

That being said, Plaintiff must file a Second Amended Complaint by April 7, 2008, in which he must consolidate—and provide adequate details for—all of his remaining claims against all Defendants. It is unacceptable that the Complaint and Amended Complaint include different claims against different Defendants. Claims or Defendants not presented in the Second Amended Complaint will not be considered.[12]

Regrettably, Defendants are reminded that they must adequately brief dispositive motions. As defense counsel know, this is particularly important in matters involving *pro se* litigants.

An Order follows.

**S/Susan D. Wigenton, U.S.D.J.**

cc:  Judge Madeline Cox Arleo, U.S.M.J.

---

[12] Once the Second Amended Complaint is filed, New Defendants can coordinate with Judge Arleo to file motions based on Rule 15(c).