<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

PATRICK AMATO,

                Plaintiff,                Civil Action No. 06-3161(SDW)

      v.

WAYNE SMITH, RICHARD
KLEMENTOVICH, AUDREY COOLEY,
CLIFTON CITY, AND PATERSON          **OPINION**
CITY,

                               April 9, 2008

                Defendants.

**WIGENTON, District Judge**

      This matter comes before the Court on a Motion to Dismiss,[1] pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant the Honorable Ronald G. Marmo. The Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion is granted and all claims against Judge Marmo are dismissed with prejudice.

**I.  <u>Factual Background</u>**

      The Honorable Ronald G. Marmo, J.S.C. ("Judge Marmo") presided over the criminal proceedings against Plaintiff Patrick Amato (Mr. Amato") that led to his conviction following a jury trial. Among other things, Mr. Amato complains of Judge Marmo's denial of his pretrial motion to suppress certain evidence. Mr. Amato's claims against Judge Marmo appear in the Amended Complaint.

---

[1] This Motion appears at docket entry #118.

## II.  Jurisdiction/Venue

The Court has jurisdiction over the 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## III.  Rule 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all well-pled allegations in the complaint and all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff.  *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 559 (D.N.J. 2002) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  While Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim," the information contained in the complaint must be sufficient to give the defendant fair notice of plaintiff's claim and the grounds upon which it rests.  *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001)).

In deciding a Rule 12(b)(6) motion, the court should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  A document forms the basis of a claim if it is "integral to or explicitly relied upon in the complaint."  *Id.*  (emphasis omitted)).  Such a document may be considered without converting the motion to dismiss on the pleadings into one for summary judgment.  *Burlington Coat Factory*, 114 F.3d at 1426 (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

However, the court is "not compelled to accept 'unsupported conclusions and unwarranted inferences' or 'a legal conclusion couched as a factual allegation.'"  *Baraka v. McGreevey*, 481 F.3d

187, 195 (3d Cir. 2007) (internal citations omitted).  A court may dismiss a complaint for failure to state a claim if no relief could be granted under any facts that could be proved consistent with the allegations.  *Wilson v Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989) (citing *Neitzke v. Williams*, 109 S. Ct. 1827, 1832 (1989)).

Accepting as true Mr. Amato's allegations and all reasonable inferences that can be drawn therefrom, the claims against Judge Marmo are properly dismissed under Rule 12(b)(6).

## IV.  Judicial Immunity

As a general rule, judges acting in their judicial capacity are absolutely immune, both in their official and individual capacities, from suit under the doctrine of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  The Supreme Court of the United States has made clear that, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1967) (quoting *Bradley v. Fisher*, 80 U.S. 335, 350 (1872)).  Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity,[2] or for actions taken in a complete absence of all jurisdiction.  *Mireless*, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  *See Forrester v. White*, 484 U.S. 219, 227 (1988).

Here, Mr. Amato's claims against Judge Marmo involve only court-related matters that occurred in Mr. Amato's state criminal case.  The gist of Mr. Amato's claims against Judge Marmo

---

[2] *Stump*, 435 U.S. at 355-59.

is that he denied his motion to suppress evidence.  Clearly, Judge Marmo had jurisdiction over Mr. Amato's criminal case; indeed, Mr. Amato does not allege otherwise.  The conduct Mr. Amato complains about occurred in the court room and is the sort that a judge would normally be expected to engage in as part of any criminal case.  Thus, Judge Marmo is immune from Mr. Amato's suit.

**V.  <u>Conclusion</u>**

_____For the reasons stated above, the claims against Judge Marmo are dismissed with prejudice, which includes the claims filed under docket entry #121.

An Order follows.

**S/Susan D. Wigenton, U.S.D.J.**

cc:  Judge Madeline Cox Arleo, U.S.M.J.