**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK AMATO, | |
| Plaintiff, | Civil Action No. 06-3161(SDW) |
| v. | |
| WAYNE SMITH, RICHARD KLEMENTOVICH, AUDREY COOLEY, CLIFTON CITY, AND PATERSON CITY, | OPINION |
| | April 15, 2008 |
| Defendants. | |

**WIGENTON, District Judge**

This matter comes before the Court on a Motion for Preliminary Injunction Application for Temporary Restraining Order,[1] pursuant to Federal Rule of Civil Procedure 65, filed by Plaintiff Patrick Amato. The Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion is denied.

**Discussion**

"Principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Authority Police Benevolent Ass'n v. Port Authority of New York and New Jersey Police Dep't*, 973 F.2d 169, 173 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The United States Court of Appeals for the Third Circuit has held that three requirements must be met before a federal court can abstain from enjoining pending state criminal proceedings. *Id.* These requirements are:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the

---

[1] This Motion appears at docket entry #121.

> state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

*Id.* (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

Application of the three requirements to the facts in the instant case demonstrates that abstention by this Court is required. Here, Plaintiff Patrick Amato ("Plaintiff") is confined while his criminal case is pending in the Superior Court of New Jersey. On February 15, 2008, the Superior Court of New Jersey, Appellate Division, affirmed in part and reversed in part Plaintiff's state criminal convictions, and remanded Plaintiff's state criminal convictions for retrial and re-sentencing. Action by this Court to enjoin or restrain the Superior Court of New Jersey from carrying out the mandate of the Superior Court of New Jersey, Appellate Division, would interfere with New Jersey's recognized primary interest in administering its own criminal court. Any claim that Plaintiff may be attempting to assert with respect to prosecutorial misconduct during his criminal case must be raised in his pending criminal case in state court.[2] Plaintiff has adequate redress available to him in the Superior Court of New Jersey. As such, the three requirements for abstention are satisfied, and this Court must abstain from intervening in Plaintiff's pending state criminal case. A contrary ruling is not justified as there is no showing of bad faith prosecution, harassment or a patently unconstitutional rule that will cause irreparable injury to the Plaintiff. For these reasons, Plaintiff's Motion for Preliminary Injunction Application for Temporary Restraining Order is denied.

---

[2] As a state prisoner, Plaintiff must first exhaust his state remedies in order to permit state courts the first opportunity to correct alleged defects in the criminal proceedings leading to his conviction. *See Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982).

**Conclusion**

For the reasons stated above, the Motion for Preliminary Injunction Application for Temporary Restraining Order[3] is denied. An Order follows.

                **S/Susan D. Wigenton, U.S.D.J.**

cc: Judge Madeline Cox Arleo, U.S.M.J.

---

[3] Plaintiff does not meet the requirements for a preliminary injunction or temporary restraining order because his claims are meritless.