**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
PATRICK AMATO,                      :
                                    : Civil Action No. 06-3161 (SDW)
            Plaintiff,              :
                                    :
       v.                           :        **O P I N I O N**
                                    :
WAYNE SMITH, et al.,                :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Patrick Amato, <u>Pro Se</u>
34 River Road
Stanhope, NJ 07874

Albert C. Buglione, Esq.
De Yoe, Heissenbuttel & Buglione
401 Hamburg Turnpike
Wayne, NJ 07474
Attorney for Joanne Kaminski, Robert C. Pringle and James F. Avigliano

See Docket for other Appearances

**WIGENTON, District Judge**

Plaintiff, Patrick Amato, filed a Second Amended Complaint (docket entry 143) alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On January 14, 2010, defendants Avigliano, Kaminski, and Pringle, through counsel, filed a motion to dismiss the claims against them in the Second Amended Complaint (docket entry 314). Plaintiff has not opposed the motion.

The Court has reviewed all submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, the motion will be granted.

## BACKGROUND

Plaintiff's Second Amended Complaint lists over 30 defendants, three of which who are the subject of this motion to dismiss:  James F. Avigliano, Joanne Kaminski, and Robert C. Pringle, all employees of the Passaic County Prosecutor's Office.  (Sec. Am. Complt., ¶¶ 32-34).  As to these three defendants, Plaintiff asserts the following claims:

> Defendant Avigliano allowed Plaintiff to be prosecuted on fabricated evidence without reviewing the evidence submitted namely a firearm, intentionally failed to prevent Constitutional deprivations when Plaintiff was indicted and prosecuted and acquiesced in said deprivations and failed to fulfill his duties as Lead Prosecutor thus causing severe emotional distress. (Sec. Am. Complt., p. 75).

> * * *
>
> Defendant Kaminski acting as a complaining witness before a Passaic County Grand Jury, conspired with Police officials by knowing submitting falsified information and falsified documents to the Grand Jury, namely, assault charges, firearm charges, resisting arrest charges in a reckless disregard of Plaintiff's rights, by stating that Plaintiff committed the aforementioned criminal acts therefore depriving Plaintiff a right to a fair trial caused Plaintiff extreme emotional distress.  (Sec. Am. Complt., p. 76-77).

> * * *
>
> Defendant Pringle knowingly caused Plaintiff to be prosecuted on charges without probable cause that were fabricated in a conspiracy to cause Plaintiff to be

> deprived of a fair trial, to cover up official misconduct and fradently [sic] conceal material evidence that exculpted [sic] Plaintiff from committing aggravated assaults on numerous police officers from Clifton and Paterson. Additionally, Plaintiff was prosecuted on a fabricated firearm charge that Defendant Pringle knew was fabricated, in reckless disregard for Plaintiff's rights causing Plaintiff significant emotional distress. Defendant Pringle permitted other defendants to commit perjury, further their conspiracy, failed to prevent the wrongs committed against Plaintiff in a reckless disregard of Plaintiff's rights. (Sec. Am. Complt., ¶¶ 78-79).

Plaintiff's claims stem from events of December 26, 2003. Plaintiff's Second Amended Complaint alleges that on that date at approximately 2:00 a.m., there was a vehicular pursuit of Plaintiff which caused him to crash his vehicle. Plaintiff alleges that his vehicle was "rammed" by police, causing him to be knocked unconscious. Plaintiff states that when he regained consciousness, he was assaulted by police officers, even though he was handcuffed and was not a threat. (Sec. Am. Compt., ¶¶ 1-4).

Plaintiff then asserts that he was "framed" in a plan to cover up the officers unlawful acts against him. Plaintiff states that the police officers filed false reports, including a fabricated gun charge. Furthermore, Plaintiff contends that a State Police videotape of the incident was suppressed for almost a year after the incident occurred. He asserts that the grand jury indicted him for crimes stemming from these events based on false perjured testimony and the "prosecutorial tactics" of the

Passaic County Prosecutor's Office to cover up the police misconduct. (Sec. Am. Complt., ¶¶ 4-5).

After his trial in July of 2005, Plaintiff was acquitted of some charges and convicted of others. Plaintiff alleges that the State Police videotape evidences that he was the victim of excessive force, and that his vehicle was actually rammed into by a police vehicle, not the other way around. Plaintiff asserts that this is proof that the defendants were "caught in the conspiracy." (Sec. Am. Complt., ¶ 6-7).

Specifically as to the three prosecutorial defendants involved in this motion, Plaintiff asserts that there was no probable cause to bring the Grand Jury indictment; the State withheld exculpatory evidence until after the indictment but before the trial; the state was hiding a witness; the State dismissed several counts of the indictment prior to trial in order to cover up police misconduct and the conspiracy between defendants; that he was deprived of a fair trial and the right to appeal his convictions; and that the defendants violated the Racketeering Influenced and Corrupt Organizations Act (RICO) statute, 18 U.S.C. § 1961-68.

Plaintiff asks for monetary and other relief.

**DISCUSSION**

**A.    Standard of Review**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)).

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).  As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

<u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 556-57, 570) (internal citations omitted).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Iqbal</u>, 129 S. Ct. at 1950 (citation omitted).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," <u>id.</u>, the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Analysis**

Plaintiff's claims against the prosecutorial defendants must be dismissed, as the prosecutorial defendants are immune from suit.  See Imbler v. Pachtman, 424 U.S. 409, 410 (1976) ("a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983).  Thus, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for

7

trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118, 129-31 (1997) (holding that prosecutor is not protected by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns v. Reed, 500 U.S. 478, 492-96 (1991) (the provision of legal advice to police during pretrial investigation is not protected by qualified immunity); Buckley, 509 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence); see also Yarris v. County of Del., 465 F.3d 129 (3d Cir. 2006) (analyzing when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution and holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but is entitled to immunity for deciding to deliberately withhold exculpatory evidence before and during trial).

In this case, defendant Avigliano, as the Passaic County Prosecutor, was involved in the administrative functions and operations of the Office of the Prosecutor as a supervisor. Plaintiff alleges no specific allegations against this defendant. As a supervisor, defendant Avigliano is absolutely immune from suit. See Van de Kamp v. Goldstein, — U.S. – , 129 S. Ct. 855, 864 (2009)(holding, "where a § 1983 plaintiff claims that a prosecutor's management of a trial-related information system is responsible for a constitutional error at his or her particular trial, the prosecutor responsible for the system enjoys absolute immunity just as would the prosecutor who handled the particular trial itself").

Defendant Kaminski, the Chief Assistant Prosecutor who handled the grand jury proceedings against Plaintiff, is also immune from suit. Plaintiff alleges that defendant Kaminski falsified evidence and presented it to the grand jury, whereby the grand jury indicted him, depriving him of a fair trial. However, in obtaining the indictment, defendant Kaminski was performing a fundamental prosecutorial function, which falls within the parameters of prosecutorial immunity.

Finally, as to defendant Pringle, Plaintiff asserts that he caused Plaintiff to be prosecuted without probable cause, knew of fabricated charges, covered up official misconduct, concealed evidence, and allowed witnesses to commit perjury. However, all

of the claims against defendant Pringle concern actions Pringle took in his role as prosecutor, with regard to Plaintiff's criminal case, and defendant Pringle is protected by absolute immunity.  Whether or not defendant Pringle was correct in his assertions, or was prudent in his actions is not before the Court.

Thus, as Plaintiff alleges facts against the prosecutorial defendants that fall within the scope of their duties in initiating and pursuing a criminal prosecution against Plaintiff, these prosecutorial defendants are immune from suit and dismissed from this action.

Alternatively and additionally, the Court finds that regardless of whether or not absolute immunity protects these defendants, Plaintiff has not asserted enough facts against these prosecutorial defendants to sustain this action against them under Iqbal.  The facts submitted in Plaintiff's Second Amended Complaint concerning these defendants do not allow the court to infer more than the "mere possibility of misconduct."  Plaintiff relies on the fact that charges were dismissed and he was acquitted of some counts of the indictment to support his allegation of a conspiracy; however, these facts are conclusory and speculative.  Charges are dismissed by the State and criminal defendants are acquitted of crimes in many instances, and it is

pure speculation to conclude that a criminal defendant's constitutional rights were violated as a result.

## **CONCLUSION**

For the foregoing reasons, Defendants Avigliano, Kaminski, and Pringle's motion to dismiss is granted. These defendants will be dismissed from this action. An appropriate Order accompanies this Opinion.

s/Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge

Dated: September 9, 2010