<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                        :
PATRICK AMATO,                          :
                                        :   Civil Action No. 06-3161 (SDW)
            Plaintiff,                  :
                                        :
        v.                              :        **O P I N I O N**
                                        :
WAYNE SMITH, et al.,                    :
                                        :
            Defendants.                 :
_____:


**APPEARANCES:**

Patrick Amato, <u>Pro</u> <u>Se</u>
34 River Road
Stanhope, NJ 07874

Joel Miklacki, Esq.
One Howe Avenue, Suite 301
Passaic, NJ 07055
Attorney for Audrey Cooley

Mitzy Galis-Menendez, Esq.
Chasan, Leyner & Lamparello
300 Harmon Meadow Blvd.
Secaucus, NJ 07094
Attorney for Sgt. L. Seyer

James Frega, Esq.
Perconti & Cook, Esqs.
886 Belmont Avenue
North Haledon, NJ 07508
Attorney for Wayne Smith

Patrick Caserta, Esq.
695 Route 46 West, Suite 401
Fairfield, NJ 07004
Attorney for Vincent LaRosa

Thomas Egan, Esq.
City of Clifton Law Department
900 Clifton Avenue
Clifton, NJ 07013
Attorney for Defendant City of Clifton

Victor Afanador, Esq.
Lite DePalma Greenberg
Two Gateway Center, 12th Floor
Newark, NJ 07102
Attorney for City of Paterson, Jose Torres, Sgt. DeAngelis, J.
Navaro, M. McDonald, Lt. Verron

Andrew M. Cimiluca, Esq.
Cimiluca & Frank
1000 Clifton Avenue
Clifton, NJ 07013
Attorney for Sgt. Krulikowsky

Albert C. Buglione, Esq.
DeYoe, Heissenbuttel & Buglione, LLC
401 Hamburg Turnpike
PO Box 2449
Wayne, NJ 07474
Attorney for Det. Barry Woods

Joseph T. Affilito , JR.
Affilito Raimondi & Affilito ESQS.
500 Valley Road
P.O. Box 3097
Wayne, NJ 07470
Attorney for Sgt. Moreira, improperly pled as "Morena"

See Docket for Other Appearances

**WIGENTON, District Judge**

        This matter comes before the Court on several motions for
summary judgment filed by various defendants which are pending in
this case.  The following defendants have filed these motions:
defendants Cooley, Rodriguez, Spagnola and Smith (docket entries
315, 317, 320); defendant Seyer (docket entry 316); defendant
LaRosa (docket entry 318, motion to dismiss and for summary

2

judgment); defendants City of Clifton, Anzaldi, Clifton Police
Department, and Klementovich (docket entries 319, 321); and
defendants City of Paterson, Jose Torres, DeAngelis, Navaro,
McDonald, and Verron (docket entry 322, 339).  Defendants
Krulikowsky and Moreira requested to join in the motions (docket
entries 338, 348).  The motions were filed either on January 14,
or January 15, 2010.  Despite this Court's Order granting
Plaintiff's request to extend the time to oppose the motion
(docket entry 333), Plaintiff has not done so.  Therefore, all
motions are deemed unopposed.

These motions for summary judgment are decided without oral
argument pursuant to Federal Rule of Civil Procedure 78.  For the
reasons stated below, the motions will be granted.

**BACKGROUND**

**A.**   **Factual Background**[1]

On December 26, 2003, Paterson police officers arrested
Plaintiff Patrick Amato ("Plaintiff") following a vehicular
pursuit that included Clifton police officers (Compl. ¶
4(d)).  On April 13, 2004, a grand jury indicted Plaintiff for
the following counts: three counts of aggravated assault in the
second degree, seven counts of aggravated assault in the third
degree, eluding in the second degree, resisting arrest in the

---

[1] This factual background, and part of the procedural
background, was taken from this Court's prior Opinion, docket
entry 107, filed on March 4, 2008.

third degree, unlawful possession of a weapon in the third degree and receiving stolen property in the third degree.  Before trial, between January and July 2005, three of the seven counts of aggravated assault in the third degree and the unlawful possession of a weapon in the third degree were dismissed.  On July 21, 2005, a jury found Plaintiff guilty of two counts of aggravated assault in the second degree, eluding in the second degree, resisting arrest in the third degree and receiving stolen property in the third degree.  The jury found Plaintiff not guilty of one of the three counts of aggravated assault in the second degree and of all four remaining counts of aggravated assault in the third degree.  On October 6, 2005, the Court sentenced Plaintiff to eleven years in prison.[2]

**B.    Procedural Background**

On July 13, 2006, Plaintiff filed a complaint alleging that Defendants Paterson Police Officer Wayne Smith ("Smith"), Clifton Police Officer Richard Klementovich ("Klementovich"), Paterson Police Officer Audrey Cooley ("Cooley"), Clifton City and

---

[2] During the pendency of this federal court litigation, Plaintiff's appeal of his conviction to the New Jersey Superior Court, Appellate Division ("Appellate Division") was considered. The Appellate Division found error in a jury instruction given by the trial court and remanded the case solely on the receiving stolen property count.  On remand, Plaintiff pled guilty to the modified charge of joyriding in the fourth degree, and was sentenced to a custodial term of one year.  See State v. Amato, 2008 WL 398791 (N.J. App. Div. Feb. 15, 2008).

Paterson City (collectively, "Original Defendants") violated his rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution and New Jersey law.  Plaintiff sued Smith, Klementovich and Cooley in their individual and official capacities. Plaintiff asserted violations pursuant to 42 U.S.C. § 1983 for false arrest, illegal search and seizure, excessive force and malicious prosecution. (See Compl.).  Further, Plaintiff asserted violations of New Jersey law for perjury before a state grand jury, official misconduct, falsifying police reports, conspiracy, Paterson's and Clifton's failure to adequately train and supervise their officers, and Paterson's and Clifton's custom of encouraging police officers to assault suspects. (See Compl.).  Plaintiff signed the Complaint on July 3, 2006.

By May 22, 2007 Letter Order, Judge Madeline Cox Arleo, U.S.M.J. permitted the parties to file statute of limitations motions. With permission of the Court, on July 24, 2007, Plaintiff filed an Amended Complaint (the "Amended Complaint") asserting additional claims against Original Defendants and New Defendants Clifton Police Officer Krulikowsky; Clifton Police Officer Vincent LaRosa, Paterson Police Officer Spagnola; Paterson Police Officer DeAngelis; Paterson Police Officer E. Rodriguez; Paterson Police Officer J. Navaro; Paterson Police Officer M. McDonald; New Jersey State Police Trooper M.

5

Hanselman; New Jersey State Police Trooper C. Muscianesi; New
Jersey State Police Trooper PB. O'Connor; New Jersey State Police
Trooper D. Lysek; Joanne Kaminski, Esq.; Robert Pringle, Esq.;
James Avigliano, Esq.; and Judge Ronald Marmo, J.S.C.
(collectively, "New Defendants") (Am. Compl. 1-4).  Plaintiff
sued New Defendants in their individual and official capacities.
(Am. Compl. 1-4).  The federal claims made by Plaintiff in the
Amended Complaint were false arrest, illegal search and seizure,
excessive force, malicious prosecution, perjury, conspiracy,
excessive use of force by all officers involved in Plaintiff's
arrest, vehicular excessive use of force, fraudulent concealment
of evidence, denial of due process, malicious restitution,
failure to intercede in wrongs, and abuse of process under 42
U.S.C. § 1983; RICO under 18 U.S.C. §§ 1961-1968; and RICO
conspiracy under 18 U.S.C. § 1962. (Am. Compl. 4-5).  Plaintiff's
New Jersey law claims in the Amended Complaint were perjury
before a state grand jury; official misconduct; falsifying police
reports; conspiracy; malicious prosecution; malicious
restitution; perjury before a state tribunal; negligent
hiring, training, and/or supervision; assault and battery;
concealing evidence; witness tampering; and abuse of process.
(Am. Compl. 5).

On March 4, 2008, this Court issued an Opinion dismissing
Plaintiff's false arrest, illegal search and seizure, and

excessive force claims, with prejudice, for failure to satisfy the statute of limitations (docket entry 107).  This Court ordered that Plaintiff file a Second Amended Complaint by April 7, 2008, and consolidate and provide adequate details for his remaining claims against all defendants.  Plaintiff was warned that claims or defendants not presented in the Second Amended Complaint would not be considered in this litigation.

On April 28, 2008, Plaintiff filed a Second Amended Complaint ("Sec. Am. Complt.") (docket entry 143).  Plaintiff named the following defendants: Paterson Police Department, Wayne Smith, Audrey Cooley, Sgt. L. Spagnola, Sgt. D. Deangelis, Sgt. L. Seyer, J. Navaro, M. McDonald, Sgt. Edwin Rodriguez, Det. Barry Woods, Lt. Verron, Clifton Police Department, Richard Klementovich, Sgt. Krulikowsky, Vincent LaRosa, Sgt. Morena, New Jersey State Police, Tpr. Mark Hanselman, Trp. C. Muscianese, Tpr. D. Lysek, Tpr. PB. O'Connor, Passaic County Prosecutors Office; James F. Avigliano, Joanne Kaminski, Robert C. Pringle, Passaic County Court, Ronald G. Marmo, City of Paterson, Jose Torres, City of Clifton, James Anzaldi, and various "J. Doe" defendants.  (Sec. Am. Complt.).

Plaintiff's Second Amended Complaint asserts 46 counts of federal and state law.  As noted, Plaintiff's claims stem from events of December 26, 2003.  Plaintiff's Second Amended Complaint alleges that on that date at approximately 2:00 a.m.,

there was a vehicular pursuit of Plaintiff which caused him to crash his vehicle.  Plaintiff alleges that his vehicle was "rammed" by police, causing him to be knocked unconscious. Plaintiff states that when he regained consciousness, he was assaulted by police officers, even though he was handcuffed and was not a threat.  (Sec. Am. Compt., ¶¶ 1-4).

Plaintiff then asserts that he was "framed" in a plan to cover up the officers' unlawful acts against him.  Plaintiff states that the police officers filed false reports, including a fabricated gun charge.  Furthermore, Plaintiff contends that a State Police videotape of the incident was suppressed for almost a year after the incident occurred.  He asserts that the grand jury indicted him for crimes stemming from these events based on false perjured testimony and the "prosecutorial tactics" of the Passaic County  Prosecutor's Office to cover up the police misconduct.  (Sec. Am. Complt., ¶¶ 4-5).

After his trial in July of 2005, Plaintiff was acquitted of some charges and convicted of others.  Plaintiff alleges that the State Police videotape evidences that he was the victim of excessive force, and that his vehicle was actually rammed into by a police vehicle, not the other way around.  Plaintiff asserts that this is proof that the defendants were "caught in the conspiracy."  (Sec. Am. Complt., ¶ 6-7).

Summonses were issued and Answers to the Second Amended Complaint were filed.  On July 14, 2008, this Court struck defendant Judge Ronald G. Marmo as a defendant (docket entry 163).  Discovery motions were filed; Plaintiff was ordered to provide fully responsive answers to discovery requests by October 15, 2008 (docket entry 179).  In late 2008, Plaintiff submitted answers to interrogatories and discovery demands (docket entries 184, 205).

Defendant City of Clifton filed a motion to dismiss, which was denied, without prejudice on December 4, 2008 (docket entries 186, 198, Text Order).  On January 6, 2009, at Plaintiff's request, this Court dismissed defendants Hanselman, Muscianesi, Lysek, and O'Connor from this action, with prejudice (docket entries 210, 212).  In January of 2009, various motions to dismiss were filed (docket entries 213, 216, 217, 220, 222, 226, 245.  The motions to dismiss were denied on March 3, 2009 (docket entry 256).  Plaintiff filed motions for the appointment of counsel, which were denied.

Plaintiff's deposition occurred on June 10, 2009.  On November 5, 2009, parties were granted leave to file summary judgment motions.  Various summary judgment motions were filed, as outlined below.  See "Discussion," section C.

## DISCUSSION

**A.   Standard for Summary Judgment**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof on a claim.  Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita,

475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S.
at 247-48 (stating that "[b]y its very terms, this standard
provides that the mere existence of *some* alleged factual dispute
between the parties will not defeat an otherwise properly
supported motion for summary judgment; the requirement is that
there be no *genuine* issue of *material* fact.").

        What the nonmoving party must do is "go beyond the
pleadings and by [its] own affidavits, or by the 'depositions,
answers to interrogatories, and admissions on file,' designate
'specific facts showing that there is a genuine issue for
trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National
Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he
object of [Rule 56(e)] is not to replace conclusory allegations
of the complaint . . . with conclusory allegations of an
affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v.
BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert.
denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine
issue of material fact, . . . the opponent need not match, item
for item, each piece of evidence proffered by the movant," but
must "exceed[] the 'mere scintilla' threshold and . . . offer[] a
genuine issue of material fact.").

        The Local Civil Rules supplement the Federal Rules of Civil
Procedure and provide that "each side shall furnish a statement
which sets forth material facts as to which there exists or does

not exist a genuine issue."  L. Civ. R. 56.1.  "Where possible, a single joint Rule 56.1 statement is favored."  Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted).  "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted).  However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

**B.   Asserted Causes of Action**

Plaintiff seeks to sue the defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 18 U.S.C. §§ 1961-1968 (Sec. Am. Complt. ¶ 1).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1)

a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Title 42 of the United States Code, Section 1985 provides, in relevant part:[3]

> Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire ... for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The four basic elements of a prima facie case pursuant to § 1985 are:

> (1) a conspiracy; (2) motivated by racial or class-based discriminatory animus; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or a deprivation of any right or privilege.

<u>Chambers v. Commonwealth of Pennsylvania</u>, 2006 U.S. Dist. LEXIS 93658 at *30 (M.D. Pa. Dec. 28, 2006).

---

[3] Although Plaintiff does not specify which subsection he believes Defendants violated, the Court assumes it is the third clause relating to conspiracies.

14

Title 42 of the United States Code, Section 1986 is brought against persons who neglect to prevent a conspiracy and provides, in part:

> [E]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented....

42 U.S.C. § 1986; See Thomas v. Independence Twp., 463 F.3d 285, 289-90 (3d Cir. 2006).

Finally, Plaintiff asserts jurisdiction under 18 U.S.C. §§ 1961-1968, the Racketeering Influence and Corrupt Organizations Act ("RICO"). The RICO statute provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

See 18 U.S.C. § 1962(c). A cause of action for a violation of RICO requires a plaintiff to allege four elements: 1) conduct, 2) of an enterprise, 3) through a pattern, 4) of racketeering activity. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). A "pattern of racketeering activity" requires the plaintiff to allege at least two predicate acts of racketeering. See id. (citing 18 U.S.C. § 1961(5)).

15

C.   **Motions for Summary Judgment**

    1.   Defendants Cooley, Rodriguez, Spagnola and Smith

Defendants Cooley, Rodriguez and Smith filed a motion for
summary judgment on January 14, 2010, along with a statement of
material facts, brief, and certifications (docket entry 315).
Defendants assert that: (1) Plaintiff's malicious prosecution
claim must fail under Heck v. Humphrey, 512 U.S. 477 (1994); (2)
Plaintiff's RICO claims must be dismissed because Plaintiff
cannot make a showing that defendants were engaged in
racketeering activity; (3) the Law of the Case doctrine precludes
some of Plaintiff's claims; (4) Plaintiff cannot establish his
state law claims; (5) Plaintiff cannot sustain his conspiracy
claims; (6) Plaintiff's claims of intentional infliction of
emotional distress and assault and battery are untimely; (7)
Plaintiff's state law claims must be dismissed because Plaintiff
did not file a Notice of Tort Claim; (8) Plaintiff is not
entitled to punitive damages; and (9) there are no genuine issues
of material fact.

    2.   Defendant Seyer

Defendant Seyer also filed a motion for summary judgment on
January 14, 2010, along with a brief and a statement of material
facts, and requisite certifications (docket entry 316).
Defendant Seyer argues: (1) the Law of the Case doctrine applies
to Plaintiff's false arrest, illegal search and seizure and

16

excessive force claims; (2) the majority of Plaintiff's claims are barred by the statute of limitations; (3) Plaintiff's malicious prosecution claims fail; (4) Plaintiff's RICO and RICO conspiracy claims must be dismissed as conclusory; (5) Plaintiff's state law claims are barred by the New Jersey Tort Claims Act; and (6) Plaintiff has failed to establish a single act attributable to Sgt. Seyer in connection with his alleged injuries.

    3.   <u>Defendant LaRosa</u>

    Defendant LaRosa filed a motion to dismiss and for summary judgment, and a brief (docket entry 318).  This Court will construe the motion as a motion for summary judgment.  Defendant LaRosa argues that summary judgment is appropriate because there is no issue of material fact; Plaintiff's claims are precluded according to <u>Heck v. Humphrey</u>, <u>supra</u>; and because he is entitled to qualified immunity.

    4.   <u>Defendants City of Clifton, Anzaldi, Clifton Police Department, and Klementovich ("Clifton Defendants")</u>

    Defendants City of Clifton, Anzaldi, Clifton Police Department, and Klementovich filed a motion for summary judgment, statement of material facts, brief and requisite certifications (docket entry 319).  These defendants argue: (1) Plaintiff has not met the required elements to establish malicious prosecution; (2) Plaintiff has not sustained his claim against the Clifton Defendants; (3) Plaintiff's perjury and falsifying police reports

claims are time barred; (4) Plaintiff's RICO claims must be dismissed; (5) Plaintiff's state law claims are barred by the New Jersey Tort Claims Act; (6) Plaintiff's Second Amended Complaint contains claims that are not cognizable and should be dismissed; (7) the Clifton Defendants are entitled to summary judgment as a matter of law; and (8) the Clifton Defendants are entitled to counsel fees and costs.

     5.    <u>Defendants City of Paterson, Jose Torres, DeAngelis,</u>
         <u>Navaro, McDonald, and Verron ("Paterson Defendants")</u>

The Paterson Defendants filed a motion for summary judgment, statement of material facts, and certifications (docket entry 322). These defendants argue: (1) claims previously adjudicated as time barred should be dismissed; (2) all state law tort claims are barred by the New Jersey Tort Claims Act; (3) Plaintiff's claims are collateral attacks to his conviction; (4) <u>Monell</u> claims must be dismissed; (5) municipal defendants cannot be held liable for alleged RICO claims; (6) the City of Paterson was not the entity responsible for certain causes of action which must be dismissed against the City; (7) several of Plaintiff's claims are time-barred; (8) Plaintiff cannot sustain a conspiracy claim; (9) several of Plaintiff's claims are unintelligible and must be dismissed as providing no grounds for relief; (10) Plaintiff's allegations regarding evidence in his criminal case must be dismissed; and (11) Plaintiff has proffered no evidence in support of his claims and all claims must be dismissed.

D.   **Analysis- Federal Claims**

Liberally construing Plaintiff's Second Amended Complaint, see Haines v. Kerner, 404 U.S. 519 (1972), he asserts false arrest, illegal search and seizure, excessive force, malicious prosecution, and RICO claims, as well as due process claims with regard to his trial and evidence produced against him as federal claims.  Other claims asserted by Plaintiff include fraudulent fabrication of evidence; fraudulent concealment of evidence; abuse of process, cruel and unusual punishment; denial of access to courts; perjury; obstruction of justice; falsification of reports.  He asserts claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[4]

1.   **False Arrest, Illegal Search and Seizure, Excessive Force Claims Have Been Dismissed by Prior Order.**

To the extent that Plaintiff seeks to assert false arrest, illegal search and seizure, and excessive force claims, these claims were previously dismissed by this Court as time-barred, in its Opinion dated March 4, 2008 (docket entry 107), and this Court will not again consider these claims.  To the extent that

---

[4]  The Court note that defendants Moreira, Verron, McDonald, Navaro, DeAngelis, and Krulikowsky's requested to join in the present summary judgment motions.  (docket entries 338, 339, 348.)  Because the claims asserted against these defendants are substantially similar to the claims asserted against the moving defendants, this Court grants the requests to join in the summary judgment motions.  Consequently, all the reasonings discussed herein are applicable to these defendants.

Plaintiff asserts a vehicular excessive force claim, that too must fail as time-barred, in accordance with the reasoning of this Court's March 4, 2008 Opinion.

2.  **Malicious Prosecution Claims**.

Plaintiff claims that he was maliciously prosecuted because three counts of aggravated assault in the third degree were dismissed by the County Prosecutor at a pretrial conference, and that the unlawful possession of a weapon charge was dismissed prior to Plaintiff's trial.  He also asserts various trial errors and constitutional deprivations concerning his trial, including: fabrication of evidence, perjury, due process violations, obstruction of justice, and falsification of reports.

A § 1983 claim is not cognizable if success on such claim would "necessarily imply the invalidity" of an underlying conviction or sentence.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The Court in Heck held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

20

Id.  This has become known as the "Heck bar."  It prevents a
plaintiff in a § 1983 civil action from pursuing a collateral
attack on the validity of his or her conviction or sentence.  See
id. at 484.  In Heck, a prisoner serving a 15-year sentence for
manslaughter filed a § 1983 claim seeking monetary damages for
allegedly improper actions by two county prosecutors and a state
police investigator.  The Court construed Heck's complaint as one
for malicious prosecution.  The Court found that because an
element of a malicious prosecution claim is the termination of
the prior criminal proceeding in favor of the accused, such a
claim was not cognizable as a § 1983 claim before such
termination occurred. See id. at 486-87.  The Court explained
that the "hoary principle that civil tort actions are not
appropriate vehicles for challenging the validity of outstanding
criminal judgments applies to § 1983 damages actions that
necessarily require the plaintiff to prove the unlawfulness of
his conviction or confinement."  Id. at 486.

In this case, were this Court to consider Plaintiff's claims
regarding the validity and accuracy of the documentary and
testimonial evidence produced at Plaintiff's criminal trial, it
would "necessarily imply in the invalidity of [Plaintiff's]
conviction or sentence."  Id.  Thus, Plaintiff's claims are
barred by Heck.

Furthermore, this Court finds that, as a matter of law, Plaintiff's malicious prosecution claim must fail.  Under New Jersey law, the tort of malicious prosecution requires proof "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff."  Lind v. Schmid, 67 N.J. 255, 262, 337 A.2d 365 (N.J. 1975).  Similarly, to establish a malicious prosecution claim under federal law, pursuant to § 1983, Plaintiff must show that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).  Failure to prove any element is a basis to deny a malicious prosecution claim.  See Wilson v. N.J. State Police, No. 04-1523(MLC), 2006 U.S. Dist. LEXIS 60514 at *28, 2006 WL 2358349 (D.N.J. Aug. 15, 2006) (citing Wiltz v. Middlesex County Office of the Prosecutor, No. 05-3915(DMC), 2006 U.S. Dist. LEXIS 46821 at *9, 2006 WL 1966654 (D.N.J. July 10, 2006)).

Here, Plaintiff's malicious prosecution claim must fail as "one element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." Heck, 512 U.S. at 484 (emphasis added). This prevents "parallel litigation over the issues of probable cause and guilt ... and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same incident or transaction." Id. Essentially, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." Id. Here, Plaintiff's criminal conviction precludes him from satisfying the favorable termination element.

"[D]istrict courts need not reach the probable cause element unless they first make a finding of favorable termination.... Only if the favorable termination element is satisfied ... must a district court engage in an analysis of the probable cause element." Kossler v. Crisanti, 564 F.3d 181, 194 (3d Cir. 2009). Although the Court need not address the issue of probable cause as it has already found that the favorable termination element has not been satisfied, we nevertheless reiterate that Defendants had probable cause to arrest and prosecute Plaintiff. See Leone

23

v. Twp. of Deptford, 616 F. Supp.2d 527, 533 (D.N.J. 2009) ("In
Section 1983 actions, a grand jury indictment or presentment
constitutes prima facie evidence of probable cause to prosecute."
(citing Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989)
(internal quotations omitted))).[5]  Because it is undisputed that
Plaintiff's conviction has not been reversed, expunged or
invalidated, and no genuine issue of material fact exists as to
whether Defendants had probable cause to arrest Plaintiff on
December 26, 2003, and charge Plaintiff in an indictment on April
6, 2004, Defendants are entitled to summary judgment on
Plaintiff's malicious prosecution claim.  See Camiolo, 334 F.2d
at 363 (affirming the conclusion that a malicious prosecution
claim cannot survive summary judgment where the plaintiff has

_____

[5] It is of no consequence that Plaintiff was convicted only
of certain charges and was acquitted of other charges asserted
against him with respect to the December 26, 2003 incident.
Plaintiff's conviction, which validates Defendants' probable
cause determination, dictates that Defendants are entitled to
summary judgment on Plaintiff's malicious prosecution claims as a
matter of law.  See Wright v. City of Phila., 409 F.3d 595, 604
(3d Cir. 2005) (stating that the existence of probable cause for
arrest, even when based on the existence of probable cause for
only one of the charges, precludes a plaintiff from proceeding
with a malicious prosecution claim on any of the charges brought
against him); see also Kossler, 564 F.3d at 188 (finding that
"acquittal on at least one criminal charge [does not] constitute
[ ] 'favorable termination' for the purpose of a subsequent
malicious prosecution claim[ ] when the charge arose out of the
same act for which the plaintiff was convicted on a different
charge during the same criminal prosecution").

failed to demonstrate that he was prosecuted without probable cause).

**3.   1985 and 1986 Claims**

Plaintiff asserts conspiracy claims under Sections 1985 and 1986.  However, this Court finds that those claims are without merit and must be dismissed.

Plaintiff's claims under Section 1985 are dismissed because Plaintiff fails to allege "that racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions."  See Parrott v. Abramsen, 200 Fed. App'x 163, 165 (3d Cir. 2006); Magnum v. Archdiocese of Philadelphia, 253 Fed. App'x 224, 230 (3d Cir. 2007).  Plaintiff's Second Amended Complaint provides absolutely no basis for finding that Defendants acted with a "racial" or "class-based" discriminatory animus.  Furthermore, in the absence of a valid Section 1985 claim, Plaintiff cannot state a claim pursuant to Section 1986.  See Finch v. Buechel, 188 Fed. App'x 139, 141 (3d Cir. 2006).  Accordingly, because Plaintiff fails to establish that Defendants acted with a racial or class-based discriminatory intent, and because a Section 1986 claim cannot be maintained in the absence of a proper Section 1985 claim, Plaintiff's claims thereunder are dismissed.

25

4.   **RICO Claims.**

Plaintiff argues that the defendants were in a conspiracy to prosecute him, and that they are liable to him under the RICO statutes.  As explained, the RICO statute provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

See 18 U.S.C. § 1962(c).  A cause of action for a violation of RICO requires a plaintiff to allege four elements: 1) conduct, 2) of an enterprise, 3) through a pattern, 4) of racketeering activity.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).  A "pattern of racketeering activity" requires the plaintiff to allege at least two predicate acts of racketeering. See id. (citing 18 U.S.C. § 1961(5)).

In this case, Plaintiff's RICO claims fail.  First, RICO claims cannot be maintained against the defendant municipalities, City of Clifton and City of Paterson.  See Genty v. Resolution Trust Corp., 937 F.2d 899, 914 (3d Cir. 1991); but see PacifiCare Health Systems, Inc. v. Book, 538 U.S. 401 (2003)(permitting Plaintiffs to maintain their RICO causes of action against Cranberry Township); see also Kadonsky v. New Jersey, 188 Fed. App'x 81, 84-85 (3d Cir. June 30, 2006) (unpubl.) (reaffirming that:  "The RICO and NJRICO claims against

Somerset and Hunterdon counties and their respective County
Prosecutor Offices are barred because municipal entities are
immune from suit under applicable federal and state law.")(citing
Genty at 914 (RICO) and N.J.S.A. § 59:9-2c (NJRICO)).

Second, Plaintiff has not asserted a racketeering activity
prohibited under 18 U.S.C. § 1961(1) (defining acts considered
"racketeering activity").  On Page 14 of his Second Amended
Complaint, Plaintiff states: "said defendants have either
committed or conspired to commit numerous predicate federal and
state related offenses through open and closed ended continuity
punishable under ("RICO") currently and in the previous ten years
or more."  Then Plaintiff goes on to list thirteen or so acts
that were "committed or were conspired to be committed."
However, Plaintiff has provided no evidence that the allegations
occurred, or that, as required by the RICO statutes, they have
occurred repeatedly as a result of the defendants' regular manner
of doing business.  See 18 U.S.C. § 1961(5); H.J. Inc. V.
Northwestern Tele. Co., 492 U.S. 229, 239, 242 (1989).  Thus,
this Court agrees that Plaintiff is on a "fishing expedition"
with regard to his RICO claims, and that he has not established a
patter of illegal activity in order to support his RICO claims.

**E.   <u>State Law Claims</u>**

Plaintiff asserts numerous state law claims in his Second
Amended Complaint, including: malicious prosecution; malicious

restitution; perjury; fasifying police reports; official misconduct; conspiracy; assault; witness tampering; defamation; negligent hiring, training, supervision and retention; as well as other state law claims.

Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss all state law claims without prejudice.

This Court also notes that under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., any state law claim against a public entity or public employee is prohibited unless he files notice of the claim "not later than the ninetieth day after accrual of the cause of action."  Vedutis v. Tesi, 135 N.J. Super. 337, 340-41 (Law Div. 1975).  Failure to adhere to the 90-day time limit constitutes a bar to recovery except in limited situations not relevant here.  See N.J.S.A. 59:8-8.

In this case, Plaintiff did not file a Notice of Tort Claim with regard to the defendants within the allotted time frame. Although the Tort Claims Act has a "time savings" provision in N.J.S.A. 59:8-9, it does not apply to Plaintiff or his claims, as Plaintiff has failed to seek leave to file a late Notice of Tort Claim, is beyond the time limit even for the savings provision, and has not demonstrated "extraordinary circumstances" for failure to file a timely notice.

## F.   Costs

Defendant City of Clifton and the Clifton Defendants assert that they are entitled to counsel fees and costs associated with the defense of this matter (Clifton Defendants' Brief, docket entry 319, pp. 38-39).

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizes a prevailing party in federal civil rights litigation to claim attorney's fees and costs as part of its award.  Pursuant to 42 U.S.C. § 1988(b), in relevant part: "In any action or proceeding to enforce a provision of ... the Revised Statutes [42 U.S.C. §§ 1981-1983, ... ], ... the court, *in its discretion*, may allow the prevailing party ... a reasonable attorney's fee as part of the costs. . . ." (Emphasis added).  Unlike awards to prevailing plaintiffs, however, a defendant may be awarded fees only if the Court finds the action to be "unreasonable, frivolous, meritless, or vexatious."

29

<u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 412, 422 (1977).
This standard is grounded in a policy of deterring frivolous
civil rights litigation.  <u>See</u> <u>id.</u> at 420.

    While a prevailing plaintiff "should ordinarily recover an
attorney's fee unless special circumstances would render such an
award unjust," a prevailing defendant is entitled to attorney's
fees only "upon a finding that the plaintiff's action was
frivolous, unreasonable or without foundation."  <u>See</u>
<u>Christiansburg</u>, 434 U.S. at 416-17.  In determining whether an
award of fees is appropriate, a court must "resist the
understandable temptation to engage in *post hoc* reasoning by
concluding that because a plaintiff did not ultimately prevail
his action must have been unreasonable or without foundation."
<u>Id.</u> at 421-22.

    Based on the facts of this case, the Court finds that
Plaintiff's action was not frivolous and does not warrant an
award of attorney's fees.

## CONCLUSION

Based on the foregoing, this Court finds that Defendants' motions for summary judgment must be granted.  Plaintiff's claims must be dismissed as to all defendants.[6]  An appropriate Order accompanies this Opinion.

s/Susan D. Wigenton, U.S.D.J.

Dated: September 28, 2010

---

[6] On September 24, 2010, Defendant Woods filed a motion for extension of time to file an Answer to the Second Amended Complaint, which was granted on September 27, 2010 (docket entries 344, 346).  Although Woods did not ask to join in the pending summary judgment motions at issue in this Opinion, and Defendant Woods has not filed a formal motion to dismiss the claims against him for failure to state a claim, the Court finds that the claims against him must be dismissed sua sponte pursuant to Fed. R. Civ. P. 12(b)(6).  See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (finding that a district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action); see also Michaels v. State of New Jersey, 955 F. Supp. 315, 331 (D.N.J. 1996) ("It is well established that, even if a party does not make a formal motion to dismiss, the court may, sua sponte, dismiss the complaint where the inadequacy of the complaint is clear.").

31